■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHEILA SHIVERS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 21, 1975, convicting her of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a

matter of discretion in the interest of justice, and new trial ordered. The basis of the defense was an alibi. As part of defendant's case, her husband testified that he and defendant were at her mother's house celebrating the anniversary of their engagement with some friends and relatives at the time the drug sale allegedly took place. Defendant's husband testified that he had never been convicted of a crime. In fact, he had previously been convicted of attempted robbery, but that conviction had been reversed upon appeal. Following the reversal, defendant's husband may have pleaded guilty to attempted robbery, but the record is unclear on that subject. Defendant disclaimed any knowledge of a conviction which resulted from a plea, and references thereto appear in the record only in questions posed by the prosecutor. The prosecutor could have brought out defendant's husband's prior criminal record by questioning him in order to impeach his credibility, but he chose not to do so. The prosecutor reserved the right to recall defendant's husband, but he never did. In lieu thereof, the prosecutor, upon cross-examination of the defendant, asked her about her husband's prior criminal record. Defendant, herself had never been arrested or convicted of a crime. The tactic employed by the prosecutor was grossly prejudicial to defendant's right to a fair trial and should not have been allowed. While the prosecutor was entitled to impeach defendant's husband on cross-examination by bringing out his prior criminal record, he was not entitled to deliberately attempt to associate defendant with her husband's criminal record. Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.