*962
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65) is not a lesser included offense of attempted rape in the first degree (Penal Law §§ 110.00, 130.35) because it is not impossible to commit the latter crime without concomitantly, by the same conduct, committing the former crime
 
 (see,
 
 CPL 1.20 [37];
 
 People v Glover,
 
 57 NY2d 61, 63). Under the subdivision charged in the indictment herein
 
 (see, People v Green,
 
 56 NY2d 427, 431), rape in the first degree occurs when the actor "engages in sexual intercourse with a female * * * by forcible compulsion” (Penal Law § 130.35 [1]). Sexual intercourse "has its ordinary meaning and occurs upon any penetration, however slight” (Penal Law § 130.00 [1]). In contrast, sexual abuse in the first degree requires only that the actor subject "another person to sexual contact * * * by forcible compulsion” (Penal Law § 130.65 [1]). Significantly, sexual contact is defined as "any touching of the sexual or other intimate parts of a person not married to the actor
 
 for the purpose of gratifying sexual desire of either party”
 
 (Penal Law § 130.00 [3] [emphasis supplied]).
 

 Although it would be impossible to commit the crime of rape without "touching of the sexual or other intimate parts” of the victim, it is, of course, possible to commit rape without the actor having as his purpose the gratification of either party’s sexual desire. As the majority at the Appellate Division noted, nonsexual motives for rape have been recognized, such as a desire to humiliate, injure or dominate the victim. Thus, it is possible to commit the crime of rape in the first degree without having the specific intent necessary to establish the crime of sexual abuse in the first degree
 
 (cf. People v Todd,
 
 59 NY2d 694;
 
 People v Teicher,
 
 52 NY2d 638;
 
 People v Moyer,
 
 27 NY2d 252).
 

 Because the impossibility portion of the definition of lesser included offense cannot be met, the trial court properly refused defendant’s request to submit to the jury the charge of attempted sexual abuse in the first degree as a lesser included offense of attempted rape in the first degree
 
 (see,
 
 CPL 300.50 [1]). There is, therefore, no need to consider whether a reasonable view of the evidence would support a finding that the defendant attempted to commit sexual abuse in the first degree but not rape in the first degree
 
 (see,
 
 CPL 300.50 [1];
 
 People v Glover,
 
 57 NY2d 61, 63,
 
 supra).
 

 
 *963
 
 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.