OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant appeals his conviction after a jury trial of two counts of robbery in the first degree (Penal Law § 160.15 [2], [4]) and one count of robbery in the second degree (Penal Law § 160.10 [1]), claiming the trial court erred in denying his request for a charge of criminal possession of stolen property in the third degree (Penal Law former § 165.40 [now § 165.50]) as a lesser included offense of robbery. Criminal possession of stolen property in the third degree requires the possession, or the exercise of dominion or control, over tangible property (Penal Law § 10.00 [8]); the definitions of robbery in the first and second degrees are not so limited. Because the "theoretical impossibility” test in the definition of a lesser included offense cannot be met, the trial court properly refused defendant’s request
 
 (People v
 
 Glover, 57 NY2d 61;
 
 see, People v Wheeler,
 
 67 NY2d 960). There is, therefore, no need to consider whether a reasonable view of the evidence would support a finding that the defendant committed criminal possession of stolen property in the third degree but not robbery in the first or second degree
 
 (see,
 
 CPL 300.50 [1];
 
 People v Glover,
 
 57 NY2d 61, 63,
 
 supra).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed in a memorandum.