■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER M. BUTCHINO, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Franklin County (Plumadore, J.), rendered July 20, 1987, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree.

On December 13, 1986, police officers executed a search warrant of premises at 29 Cedar Street in the Village of Malone, Franklin County, and seized a quantity of cocaine, other controlled substances and drug paraphernalia. Both defendant and his brother lived in the house. They were charged with criminal possession of a controlled substance in the third, fourth and fifth degrees and were tried jointly. Defendant was found guilty of criminal possession of a controlled substance in the fourth and seventh degrees. He now appeals.

Prior to the trial, County Court held a *Sandoval* hearing to determine the extent to which defendant's three prior misdemeanor convictions could be used to impeach his credibility if he testified in his own behalf. County Court ruled that the People could inquire into the "date, court and level" of the crimes, but not into the specific acts. At trial, however, the prosecutor opened his cross-examination of defendant by expressly asking defendant if he had previously been convicted of petit larceny and criminal possession of a controlled substance. Defendant did not immediately object but, at the conclusion of that day's testimony and after the jury had been excused, the codefendant's attorney moved for a mistrial based on the violation of the *Sandoval* ruling. Defendant's attorney made a similar motion the next morning. County Court held that the prosecutor had violated its *Sandoval* ruling, but denied the motion because defendant failed to timely object.

CPL 470.05 (2) permits an objection to be made "at any subsequent time when the court had an opportunity of effectively changing" a ruling or instruction. Here, counsel obviously did not wish to object during the cross-examination and stress in the jurors' minds the importance of the prior convictions, particularly the one for criminal possession of a controlled substance. The codefendant's attorney objected as soon as the jury was recessed and defendant's attorney made a similar motion the next morning before any further testimony was presented. Thus, the matter has been preserved for our review *(see, People v Brannon,* 58 AD2d 34, 39).

We disagree with the prosecutor's contention that he did

not violate the *Sandoval* decision. County Court limited the cross-examination to the "date, court and level" of the convictions but not the "specific acts". While this ruling is somewhat ambiguous regarding whether the name of the prior conviction could be inquired into, a reading of the transcript makes it clear that County Court did not allow such a fact to be the subject of cross-examination. Indeed, County Court found that the prosecutor did violate the *Sandoval* ruling. This is the only logical result since the name of the crime itself would greatly prejudice defendant, and County Court tailored its ruling to avoid such prejudice by limiting the use of the prior conviction to impeach defendant's credibility. Since the violation of the *Sandoval* ruling was highly prejudicial, a reversal is warranted.

Because we are reversing on this ground, we do not determine any other issues raised by defendant.

Judgment reversed, on the law, and matter remitted to the County Court of Franklin County for a new trial. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Mercure, JJ., concur.