■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD HARRISON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (O'Brien, J.), entered December 6, 1985, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Initially, the defendant contends that the hearing court improperly limited defense counsel's examination of the complainant and unnecessarily interjected questions during the *Wade* hearing. We disagree. The hearing court is vested with authority to regulate the taking of oral testimony and to manage the conduct of the examination of witnesses *(see, People v Yut Wai Tom,* 53 NY2d 44, 57; 4 Jones, Evidence

§§ 24:1-24:15, at 73-103 [6th ed]). Hence, while the court may not prohibit a party's right to inquire into matters directly relevant to the principal issues of the case against him, it may, in the proper exercise of its discretion, preclude unnecessarily repetitive examination (see, Feldsberg v Nitschke, 49 NY2d 636, 643). Here, the court, in asking a limited series of questions concerning when the complainant first identified the defendant as the perpetrator of the crime, acted within its discretionary authority in an attempt to clarify unclear and confusing answers elicited by defense counsel which were given by a complainant who suffered two strokes prior to the hearing (see, People v Yut Wai Tom, supra; People v Rodriguez, 114 AD2d 525). Accordingly, we find no basis for disturbing the hearing court's ruling finding the complainant's identification testimony to be admissible at trial.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish that the defendant knowingly entered and remained unlawfully in the complainant's dwelling (see, Penal Law § 140.25 [2]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence. Generally, a person will be deemed to " '[e]nter or remain unlawfully' " on property when he does so without license or privilege (Penal Law § 140.00 [5]; see, People v Leonard, 62 NY2d 404, 408). Furthermore, entry accomplished through trick or misrepresentation is sufficient to demonstrate this element of burglary (People v Thompson, 116 AD2d 377, 380-381; see, People v Dupree, 122 AD2d 852). At bar, the defendant gained access to the complainant's apartment through his false representation that he was responding to an apartment-for-rent sign posted on the building's exterior. Such deception, in conjunction with the complainant's unequivocal testimony that the entry was otherwise uninvited, established that the defendant entered without license or privilege.

Finally, we reject the defendant's claim that the trial court was required to submit criminal possession of stolen property in the fifth degree to the jury as a lesser included offense of the count contained in the indictment charging criminal possession of stolen property in the second degree. The court had dismissed this count since there was an absence of legally sufficient trial evidence to support it (see, CPL 300.40). Inasmuch as burglary in the second degree was found to be the only count supported by legally sufficient evidence, the court was only required to submit this count (CPL 300.40 [1]) and

any lesser included offenses of burglary (see, CPL 300.50 [1]). Criminal possession of stolen property in the fifth degree requires the possession, or the exercise of dominion or control, over tangible property (Penal Law § 10.00 [8]) whereas the definition of burglary in the second degree is not so limited (Penal Law § 140.25). Therefore, because the theoretical impossibility test in the definition of a lesser included offense cannot be met (see, CPL 1.20 [37]), the trial court correctly refused the defendant's request (see, People v Brown, 70 NY2d 857; People v Glover, 57 NY2d 61). Therefore, there is no need to address whether a reasonable view of the evidence would support a finding that the defendant committed criminal possession of stolen property in the fifth degree but not burglary in the second degree (see, CPL 300.50 [1]; People v Brown, supra).

We have reviewed the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Bracken, J. P., Rubin, Harwood and Balletta, JJ., concur.