Present—Dillon, P. J., Denman, Green, Lawton and Davis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CHEATHAM, JR., Appellant.—

Defendant, who had no prior criminal record, testified at trial and denied commission of each of the crimes. On cross-examination he was questioned extensively about drug use and drug transactions by several members of his family. Specifically, defendant was questioned about his father's possession and daily use of cocaine, and his observations of a cousin wrapping and packaging cocaine. Defendant was also asked if he ever saw his brother and uncles in possession of cocaine, and whether he witnessed sales of cocaine by them to an undercover officer. Much of the cross-examination proceeded without objection, but before the prosecutor concluded this line of questioning, counsel objected on the basis that the prosecutor was "going far afield * * * and attempting to slander the entire name so as to prejudice this particular defendant." The court called a recess without expressly ruling on the objection but when testimony resumed, the prosecutor continued to inquire of defendant about cocaine transactions conducted by family members. Counsel's further objection was overruled.

Defendant contends, *inter alia,* that it was error to permit the prosecutor to cross-examine him on the subject of drug use and drug-related activity by members of his family. We agree, and we reject the People's argument that the issue is not preserved for review. Defendant's protest to the prosecutor's line of inquiry provided the court with an opportunity to rule properly upon the objection and to give the jury appropriate curative instructions. We conclude, therefore, that the issue is preserved for review *(see,* CPL 470.05 [2]; *People v Butchino,* 141 AD2d 986; *People v Brannon,* 58 AD2d 34).

Addressing the merits, we find that the error in permitting the jury to consider the criminal conduct of members of defendant's family in assessing defendant's guilt or innocence is so egregious that defendant was deprived of a fair trial *(see,* CPL 470.15 [4]). Defendant was not involved as a participant in the events about which he was cross-examined, and the evidence was highly prejudicial and of no probative value. A reversal is required.

Defendant also contends that the court erred in permitting the prosecutor to cross-examine him on the subject of prior drug sales allegedly made by him. He argues that the prejudicial impact of the evidence outweighed its probative value on the subject of credibility *(see, People v Sandoval,* 34 NY2d 371, 376). It is generally recognized that we should not disturb the discretionary rulings of a Trial Judge in the absence of "plain abuse and injustice" *(La Beau v People,* 34 NY 223, 230; *see, People v Duffy,* 36 NY2d 258, 263, *cert denied* 423 US 861; *People v Sorge,* 301 NY 198, 202). It is also well settled, however, that cross-examination of a defendant on prior bad acts will not be permitted when the obvious intent is to show from character or experience a propensity to commit the crime for which defendant is on trial *(People v Duffy, supra; People v Schwartzman,* 24 NY2d 241, *cert denied* 396 US 846). Here, the cross-examination concerning prior uncharged sales of cocaine to three individuals must be evaluated in relation to the abundance of irrelevant and highly prejudicial evidence of drugs sales and drug-related activity by members of defendant's family. Thus viewed, it is manifest that the purpose of the cross-examination was to prove that defendant was guilty of the crimes charged because he was a drug dealer and a member of a family of drug dealers and drug users. The prejudice to defendant obviously was disproportionate to the probative value of the cross-examination *(see, People v Sandoval, supra).*

We have reviewed defendant's other claims of error and find

them to be without merit. (Appeal from judgment of Niagara County Court, DiFlorio, J.—criminal possession of controlled substance, third degree.) Present—Dillon, P. J., Denman, Green, Lawton and Davis, JJ.