■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY GRANT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered July 15, 1987, convicting him of attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial established that the defendant became involved in a fight with the victim, produced a scissor and stabbed the victim approximately 20 to 30 times in the chest and abdomen. The victim, who had known the defendant for approximately five years prior to the incident, survived the attack and subsequently identified the defendant as his assailant. The defendant was thereafter charged with, and convicted of, attempted murder in the second degree and assault in the first degree.

At trial, it was the theory of the defense that the defendant did not commit the crimes charged in the indictment but rather, that he had become involved in a scuffle or fistfight with the complainant which ended uneventfully and that an unknown assailant stabbed the victim at some point after the fight had broken up. After the close of evidence, and in her requests to charge, defense counsel conceded that, in light of the severity of the attack no reasonable view of the evidence would support the conclusion that the defendant had committed the lesser included offense of assault in the second degree. Counsel argued, however, that the defendant was nevertheless entitled to a charge of assault in the third degree as a lesser included offense in light of the defendant's contention that he had been involved in a fistfight with the victim prior to the stabbing. The Supreme Court rejected this request. We affirm.

Contrary to the defendant's contentions, the Supreme Court properly declined to charge assault in the third degree as a lesser included offense under the circumstances presented. CPL 1.20 (37) defines "lesser included offense" as follows: "When it is impossible to commit a particular crime without concomitantly committing, *by the same conduct,* another offense of lesser grade or degree, the latter is with respect to the former, a 'lesser included offense' " (emphasis supplied). The Court of Appeals has observed that in order for one crime to constitute a lesser included offense of another, it must be theoretically impossible to commit the one crime without concomitantly and by the same conduct committing the other *(see, People v Glover,* 57 NY2d 61; *see also, People v Brown,* 70

NY2d 857, 858; *People v Sullivan,* 68 NY2d 495, 502; *People v Wheeler,* 67 NY2d 960, 962). Upon request of a defendant, a court must submit to the jury a lesser included offense if there is a reasonable view of the evidence in the particular case that the defendant committed the lesser crime but not the greater (CPL 300.50 [1]; *People v Glover, supra).*

Both at trial, and now on appeal, the defendant concedes that if he was the person who stabbed the victim, there was no reasonable view of the stabbing incident which would support the submission of a lesser charge, considering the brutality of the attack and the repeated blows inflicted by the assailant *(see, People v Cuba,* 154 AD2d 703). The defendant nevertheless contends that in light of his defense that he had assaulted the victim but did not stab him, there was a reasonable view of the evidence to support a finding that he could have committed the crime of assault in the third degree but not the crime of assault in the first degree. We disagree.

Although when viewed theoretically, assault in the third degree would constitute a lesser included offense of assault in the first degree *(see, People v Galvin,* 65 NY2d 761), the evidence adduced in this particular case establishes otherwise. Crediting the defendant's contention that he had merely assaulted the victim at some point prior to his being stabbed by someone else, the court's ruling in declining to submit the requested offense was still proper. Since, under the defendant's theory of the case, his altercation with the victim took place prior to, and thus occurred separately from, the stabbing, the altercation could not have taken place concomitantly with, and as part of, the "same conduct" constituting the crimes charged in the indictment *(see,* CPL 1.20 [37]; *see also, People v Sullivan,* 68 NY2d 495, *supra; People v Wheeler,* 67 NY2d 960, 962, *supra; People v Glover,* 57 NY2d 61, *supra; People v Green,* 56 NY2d 427). Rather, the prior altercation, as the defendant alleges it to have occurred, involved an entirely separate transaction bearing no relation to the criminal conduct underlying the charges contained in the indictment.

Accordingly, the jury was offered the option of crediting either the defendant's contention that he did not stab the victim or the victim's contention that he did, neither of which supported a reasonable view of the evidence that his prior altercation with the victim constituted part of the "same conduct" involved in the stabbing *(see, People v Wheeler, supra,* at 962; *People v Diaz,* 150 AD2d 885, 886; *People v Norman,* 147 AD2d 717). In light of the foregoing, the crime of

assault in the third degree was not a lesser included offense of the crimes charged under the circumstances presented.

We have reviewed the defendant's remaining contention and find it to be without merit. Brown, J. P., Kooper, Eiber and O'Brien, JJ., concur.