THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS
SLAUGHTER, Appellant.

First Department, April 6, 1993

APPEARANCES OF COUNSEL

*Philip L. Weinstein* for appellant.

*Daniel S. Ratner* of counsel *(Billie Manning* with him on the brief; *Robert T. Johnson, District Attorney* of Bronx County, attorney), for respondent.

## OPINION OF THE COURT

KASSAL, J.

Evidence consisting of the deceased declarant's statement that defendant intended to kill him did not fall within recognized exceptions to the hearsay rule and, in the absence of overwhelming evidence of defendant's guilt, the highly prejudicial nature of this hearsay mandates reversal and remand for a new trial.

By Indictment No. 4120/90, filed May 22, 1990, defendant was charged with murder in the second degree, manslaughter in the first degree, and criminal possession of a weapon in the second degree. The charges stemmed from the fatal shooting of Eric Walker in Devoe Park in the Bronx, on October 10, 1989. The sole witness to the shooting presented at trial was Joyce Simmons, an admitted crack and heroin user with a criminal history, who stated that, due to lack of money, she had not used crack on the day of the shooting.

Simmons' testimony with respect to the incident described a physical confrontation between defendant and Walker, which took place at approximately 7:30 P.M. near Fordham Road and Loring Place, across the street from the park. Simmons, who had known both men for years, testified that, as the men

"tussled", defendant pulled out a gun. Alerted by someone in the gathering crowd that a police car was passing by, defendant placed the gun in his pocket, and he and Walker separated.

In a portion of trial testimony which contradicted her Grand Jury testimony, as well as a signed statement, each to the effect that defendant had followed Walker into the park, Simmons told the jury that defendant entered the park first, hid, and shot the unsuspecting victim as he subsequently entered. When confronted upon cross-examination with the prior inconsistent statements, Simmons denied ever having made them.

Defendant's primary argument on appeal urges that the trial court erred in admitting hearsay evidence consisting of testimony by Walker's ex-wife that, following a telephone conversation with defendant, Walker said, "[defendant] is going to kill me". The witness, Laree Walker, further testified that the decedent had previously informed her that he owed defendant money from a drug transaction. Our examination of this record leads us to conclude that this hearsay evidence was improperly admitted, and that it may not be deemed harmless. Accordingly, we reverse and remand for a new trial.

Out-of-court statements which are offered for the truth of their content constitute hearsay, and may not be admitted unless they come within an exception to the hearsay rule *(People v Nieves,* 67 NY2d 125, 131). In the case at bar, the prosecution proffered the hearsay evidence under the exception for statements establishing declarant's state of mind. This exception was not, however, applicable in the circumstances presented.

Unlike a statement of future intent to perform an act, which may be admitted as proof of the declarant's intention and, in appropriate circumstances, as inferential proof of *another's* actions, Walker's statement to his ex-wife did not involve any conduct intended by him *(see, e.g., People v Malizia,* 92 AD2d 154, 160, *affd* 62 NY2d 755 [declarant's statement that he was going to see the defendant on the evening he was murdered was sufficiently reliable to establish that the meeting took place]). Rather, the hearsay statement elicited from Laree Walker was devoid of any expression of intent on the part of the declarant—from which an act by defendant could perhaps be inferred—and therefore could not be admitted under the exception carved out for a declarant's state of mind.

In *People v Chambers* (125 AD2d 88, *appeal dismissed* 70 NY2d 694), a case which closely parallels the circumstances here, this Court held that testimony describing a deceased declarant's belief as to what another person, the defendant, intended to do, was improperly admitted. The Court reasoned that, absent any evidence establishing that the "decedent correctly heard, analyzed and interpreted defendant's communication * * * [t]here is no evidence from which anyone can determine if defendant had made a firm or tentative plan, whether he was hoaxing or even threatening. There is no way to measure the seriousness of the intent." *(Supra,* at 95.)

Similarly, Laree Walker's testimony that her ex-husband told her defendant was going to kill him, was unattended by any evidence establishing the reliability of the declarant's impressions and, thus, does not fall under any cognizable hearsay exception. Nor do the facts before us require analysis under the exception for present sense impression evidence which has recently been espoused by the Court of Appeals *(see, People v Brown,* 80 NY2d 729), and which is applicable, when accompanied by "sufficient safeguards to assure reliability" *(supra,* at 734), to statements "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter" *(supra,* at 732). Rather, the statement in the case before us communicated solely an event the declarant asserted would occur in the future. Moreover, as previously noted, there was "not a scintilla of information upon which we can rely to gauge the trustworthiness and firmness of defendant's intent as stated to the deceased" *(People v Chambers, supra,* at 95).

■ Our examination of this record leads us to further conclude that additional grounds for reversal exist in various errors committed by the prosecutor. It was error, for example, for the prosecutor to have elicited, over objection, testimony from the arresting officer that Joyce Simmons had provided reliable information to the police in the past *(see, United States v Wiley,* 534 F2d 659, 664-665, *cert denied sub nom. O'Donnell v United States,* 425 US 995). This constituted improper vouching for Simmons' credibility, which was compounded when the prosecutor again made remarks to this effect in summation. Similarly improper were the prosecutor's argument to the jury that Simmons was more credible because she had been diagnosed with AIDS and, as conceded, for the prosecutor to have impugned the credibility of defendant's alibi witness because he is in the continuous care of a psychol-

ogist. Finally, since the alibi witness was not a character witness, it was improper for the prosecutor to have questioned him with respect to defendant's drug use *(see, People v Mullin,* 41 NY2d 475, 479). Likewise, the prosecutor should not have elicited testimony from a police witness that defendant was known in the 52nd Precinct *(see, People v Harris,* 52 AD2d 560).

■■ The highly prejudicial nature of the improperly admitted hearsay, and the further prejudice caused to defendant by the improper comments of the prosecutor, may not be deemed harmless in this case, where the prosecution's case was based solely on the testimony of a witness whose credibility was seriously challenged by her admitted drug abuse, criminal activity, and prior inconsistent statements.

Accordingly, the judgment, Supreme Court, Bronx County (William H. Wallace, III, J.), rendered May 10, 1991, convicting defendant, after a jury trial, of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (Penal Law § 265.03), and sentencing him to concurrent, indeterminate terms of imprisonment of from 25 years to life and 7½ to 15 years, respectively, should be reversed, on the law, and the matter remanded for a new trial.

MILONAS, J. P., ELLERIN and RUBIN, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered May 10, 1991, convicting defendant, after a jury trial, of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (Penal Law § 265.03), and sentencing him to concurrent, indeterminate terms of imprisonment of from 25 years to life and 7½ to 15 years, respectively, is reversed, on the law, and the matter remanded for a new trial. [As amended by unpublished order entered May 28, 1993.]