■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENALDO GONZALEZ, Appellant. [609 NYS2d 824] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered October 9, 1991, convicting him of robbery in the third degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Grand Jury's fact-finding mission was impaired because the prosecutor did not provide an interpreter for the complaining witness pursuant to CPL 190.25 (3) (d). However, CPL 190.25 (3) (d) provides that upon the request of the Grand Jury the prosecutor must provide an interpreter for a testifying witness. Here, the Grand Jury did not request an interpreter, nor did it indicate that it could not comprehend the witness. Thus, we find that trial court correctly denied the defendant's application to dismiss the indictment.

Further, we disagree with the defendant's contention that the hearing court improperly limited defense counsel's examination of the officer who was present during the defendant's arrest. The hearing court is vested with the authority to regulate the taking of oral testimony and to manage the conduct of the examination of witnesses *(see, People v Harrison,* 151 AD2d 778). In the proper exercise of its discretion, the hearing court may preclude repetitive and irrelevant questions *(see, People v Williamson,* 79 NY2d 799, 800; *People v Harrison, supra).* Here all of the questions objected to were either repetitive or irrelevant. Accordingly, we find no basis for disturbing the hearing court's ruling.

The defendant's remaining contentions are unpreserved for appellate review *(see, People v Cruz,* 59 NY2d 984; *People v Spears,* 188 AD2d 669). Thompson, J. P., Rosenblatt, Copertino and Hart, JJ., concur.