■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAVAN ORTIZ, Also Known as VON, Appellant. [822 NYS2d 518]—

Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered September 10, 2002, convicting defendant, after a jury trial, of murder in the second degree and criminal facilitation in the second degree, and sentencing him to concurrent terms of 20 years to life and 7½ to 15 years, respectively, unanimously reversed, as a matter of discretion in the interest of justice, and the matter remanded for a new trial. Appeal from order, same court and Justice, entered on or about August 4, 2005, which summarily denied defendant's motion to vacate the judgment pursuant to CPL 440.10, unanimously dismissed as academic.

Defendant was charged with allegedly participating, at the behest of his drug-dealing employers, in the contract killing of a homeless drug addict who had robbed one of his employers' street-level sellers. Defendant's role allegedly consisted of attending the meeting where the murderer was hired and being provided with a gun to carry out the crime, and then "fingering" the victim for the murderer at the scene of the crime. The prosecution case turned on the credibility of its key witnesses, which included a police detective and an assistant district attorney (ADA) who, by the time of this trial, had become a Family Court judge. In particular, there were inconsistencies between the accounts of the judge/former ADA and the detective

concerning defendant's alleged admission, and defendant's flat denial that he had made either version of the admission.

Defendant was deprived of a fair trial by the cumulative effect of the prosecution's conduct during its cross-examination of defendant and its summation (*see People v Calabria*, 94 NY2d 519, 523 [2000]; *People v Tolbert*, 198 AD2d 132, 133 [1993], *lv denied* 83 NY2d 811 [1994]). Moreover, the misconduct during summation was compounded by the trial court's error in failing to provide specific instruction as to the credibility of a judge's testimony. Hence, we reach these issues and reverse, despite defendant's failure to preserve them for our review (*see People v Collins*, 12 AD3d 33, 36 [2004]).

On cross-examination, the prosecutor repeatedly characterized defendant as a liar and his defense as a lie, and forced defendant to accuse prosecution witnesses of lying, which defendant had refrained from doing on direct. He also repeatedly asked defendant why two of the prosecution witnesses—the detective and the Family Court judge—would lie, and continued to do so after the court instructed him to stop. The cumulative effect of this improper conduct was prejudicial to defendant and constituted grounds for reversal (*see e.g. People v Shanis*, 36 NY2d 697, 699 [1975]; *Collins*, 12 AD3d at 36-37; *People v Kim*, 209 AD2d 167 [1994]).

During summation, the prosecutor repeatedly vouched for the credibility of these same two key witnesses with approving references to their status as law enforcement officials. This was particularly evident in his numerous references to "the Judge." At one point, the prosecutor expressly compared these witnesses' credibility with that of defendant purely on the basis of their respective careers: the long-time police officer and the long-time prosecutor, who now sits as a Family Court judge and works with families and children, versus the long-time drug dealer. This, too, constituted an impermissible, prejudicial pattern of conduct (*see Collins*, 12 AD3d at 37; *People v LaPorte*, 306 AD2d 93, 95-96 [2003]), and was exacerbated by the trial court's failure to instruct the jury as to the credibility of the testimony of a judge, after having provided instruction as to credibility in general and as to the credibility of a police officer. While it is true that the defense requested no such instruction and did not object to the charge, the omission raises the possibility that the jury believed it had to accept a judge's version of her interview with defendant which, as previously noted, differed from that of the police detective and that of defendant.

It is our finding that the evidence against defendant was not so overwhelming as to render the foregoing errors harmless

(*compare e.g. People v Spruill*, 5 AD3d 318, 321 [2004], *lv denied* 3 NY3d 648 [2004]). In view of the foregoing, we need not consider defendant's remaining contentions. Concur—Mazzarelli, J.P., Andrias, Saxe and Williams, JJ.