THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES J. FREDRICK, Appellant. [861 NYS2d 895]—

Appeal from a judgment of the Chautauqua County Court (John T. Ward, Jr., J.), rendered June 5, 2006. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law and a new trial is granted.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that he was deprived of his right to a fair trial by prosecutorial misconduct that occurred throughout the trial. We agree and, although defendant failed to preserve that contention for our review (*see* CPL 470.05 [2]; *People v Beggs*, 19 AD3d 1150, 1151 [2005], *lv denied* 5 NY3d 803 [2005]), we exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v Ortiz*, 33 AD3d 432, 433 [2006]).

As defendant correctly contends, the prosecutor improperly vouched for the credibility of the People's witnesses during both his opening and closing statements (*see People v LaDolce*, 196 AD2d 49, 57 [1994]; *see generally People v Bailey*, 58 NY2d 272, 277-278 [1983]). He also improperly elicited testimony from a police officer who vouched for the credibility of the confidential informant by testifying that the confidential informant had provided reliable information to the police in the past (*see People v Slaughter*, 189 AD2d 157, 160 [1993], *lv denied* 81 NY2d 1080 [1993]). In addition, the prosecutor repeatedly elicited irrele-

vant and highly prejudicial testimony from several police officers concerning the percentages of convictions obtained by those officers in prior unrelated cases, referred to by the prosecutor as their "batting average[s]." That misconduct was compounded during summation when the prosecutor highlighted the "exemplary record" of the police officers and the confidential informant who testified for the prosecution by stating that they were "batting 100 percent[,] 85 percent, 90 percent" (*see generally People v Ashwal*, 39 NY2d 105, 109-110 [1976]). Further, the prosecutor improperly elicited testimony establishing that defendant had been incarcerated since his arrest (*see People v Paul*, 229 AD2d 932, 933 [1996]), as well as testimony on direct examination of the confidential informant that defendant had not made certain exculpatory statements to him while they were in jail following defendant's arrest (*see generally People v Collins*, 12 AD3d 33, 38-39 [2004]).

It cannot be said that County Court "took appropriate action to dilute the effect of [the prosecutorial misconduct]" (*People v Mott*, 94 AD2d 415, 419 [1983]), and we conclude that the misconduct "operated to deny . . . defendant his fundamental right to a fair trial" (*People v Crimmins*, 36 NY2d 230, 238 [1975]). We therefore "must reverse the conviction and grant a new trial, . . . without regard to any evaluation as to whether the errors contributed to the defendant's conviction. The right to a fair trial is self-standing and proof of guilt, however overwhelming, can never be permitted to negate this right" (*id.*). In light of our determination, we do not address defendant's challenge to the severity of the sentence. Present—Centra, J.P., Lunn, Fahey, Peradotto and Gorski, JJ.