■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY S. BUEL, Appellant. [861 NYS2d 535]—

Kavanagh, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 3, 2007, upon a verdict convicting defendant of the crimes of burglary in the second degree (two counts) and robbery in the second degree (two counts).

In August 2006, defendant was indicted on two counts of burglary in the second degree and two counts of robbery in the second degree. After a jury trial, defendant was convicted as charged and subsequently sentenced as a persistent violent felony offender to four concurrent prison sentences of 17 years

to life. Defendant appeals from his judgment of conviction and, finding that none of his claims has merit, we now affirm.

Defendant claims that the grand jury proceedings were impaired by the failure of the People to obtain an interpreter for one of the victims who. testified before it. CPL 190.25 requires that "[u]pon request of the grand jury, the prosecutor must provide an interpreter to interpret the testimony of any witness who does not speak the English language well enough to be readily understood" (CPL 190.25 [3] [d]). Here, the grand jury never requested that an interpreter be provided, nor does it appear from the record that any member of the grand jury had difficulty understanding the witness during his testimony (see People v O'Sullivan, 258 AD2d 330, 331 [1999], lv denied 93 NY2d 901 [1999]; People v Gonzalez, 201 AD2d 667, 667 [1994], lv denied 83 NY2d 872 [1994]). Moreover, our review of the grand jury transcript reveals that the witness was able to testify in English and responded appropriately and coherently to all questions put to him during that proceeding.

Next, defendant argues that he was deprived of a fair trial because County Court refused to dismiss a juror who appeared to be sleeping during the trial. A court must discharge a juror who is determined to be "grossly unqualified" (CPL 270.35 [1]), including a juror who did not hear all of the evidence in a case because he or she fell asleep (see People v Simmons, 31 AD3d 1051, 1053 [2006], lv denied 7 NY3d 929 [2006]; People v Simpkins, 16 AD3d 601, 601 [2005], lvs denied 5 NY3d 769 [2005], 10 NY3d 771 [2008]). Here, upon realizing that the juror in question appeared to be sleeping, the court immediately stopped the trial, informed counsel of its observations and questioned the juror about whether he was sleeping. The juror informed the court that while he was tired, he had heard the testimony and had, in fact, not fallen asleep. Based on this appropriate "probing and tactful inquiry" (People v Cargill, 70 NY2d 687, 689 [1987]; see People v Buford, 69 NY2d 290, 299 [1987]; People v Bailey, 258 AD2d 807, 808 [1999], lv denied 93 NY2d 1001 [1999]), the court had an adequate basis for its conclusion that the juror had not missed significant portions of the trial testimony and, therefore, was not grossly unqualified to continue to serve as a juror (compare People v Adams, 179 AD2d 764, 765 [1992]).

Defendant also argues that the People committed reversible error when the prosecutor repeatedly asked him during cross-examination if he believed that the victims had fabricated portions of the testimony they gave at trial. Initially, we note that no objection was raised to this line of questioning and, therefore,

this issue has not been preserved for our review (*see People v Brown*, 24 AD3d 884, 888 [2005], *lv denied* 6 NY3d 832 [2006]; *People v Van Guilder*, 282 AD2d 773 [2001], *lv denied* 96 NY2d 836 [2001]). In any event, a fair reading of defendant's testimony given during direct examination supports the conclusion that he was asserting that the victims had fabricated their trial testimony. " '[S]uch conduct does not always require reversal . . . where, as here, the defendant's testimony leaves open only the suggestion that the People's witnesses have lied' " (*People v Allen*, 13 AD3d 892, 897 [2004], *lv denied* 4 NY3d 883 [2005], quoting *People v Overlee*, 236 AD2d 133, 138-139 [1997], *lv denied* 91 NY2d 976 [1998]). Accordingly, we find that the People's questioning of defendant in this regard does not constitute reversible error.

Finally, we find defendant's challenge to his status as a persistent violent felony offender to be without merit. We note that when asked, defendant, in the presence of counsel, declined to challenge any part of the People's persistent violent felony offender statement. Moreover, that statement, combined with defendant's answers to County Court's inquiries, established that on the date of sentencing, defendant had been previously convicted of two violent felony offenses and the periods of incarceration that he served for those offenses served to toll the 10-year statutory period making defendant eligible for persistent violent felony offender status (*see* Penal Law § 70.04 [1] [b] [v]; CPL 400.15, 400.16; *see also People v Bouyea*, 64 NY2d 1140, 1142 [1985]).

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.