THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ORTIZ, Appellant. [894 NYS2d 37]—

On cross-examination of defendant, the prosecutor improperly attempted to impeach defendant with his supposed dishonesty in initially entering pleas of not guilty in prior cases followed by allegedly belated pleas of guilty (*see People v Garcia*, 169 AD2d 358, 361-364 [1991], *lv denied* 79 NY2d 857 [1992]). As in *Garcia*, "the tenor of the prosecutor's questioning of the defendant could not help but mislead the jury concerning the true import of defendant's prior pleas of not guilty," which were not the equivalent of "factual assertion[s] of innocence" (*id.* at

361). This questioning not only tended to draw an improper inference of dishonesty, but also violated the court's *Sandoval* ruling, which only permitted elicitation of the existence of defendant's prior convictions. As counsel specifically argued, and as the court itself had initially agreed, defendant's simple mention on direct examination that he had pleaded guilty in one of his previous cases did not open the door to any questioning going beyond the *Sandoval* ruling. This casual remark cannot be viewed as suggesting to the jury that defendant's failure to plead guilty in the case on trial was some proof of innocence. To the extent that defendant went on to discuss his motivation for entering guilty pleas in other cases, and the timing of such pleas, this was entirely the product of the prosecutor's improper line of cross-examination, which delved into whether defendant's practice was to "step up and take responsibility," and then attacked him for not doing so at the inception of each of his prior cases.

The prosecutor also erred when, on cross-examination of defendant, he introduced a mugshot of defendant's nontestifying girlfriend and repeatedly referred to her criminal history. This evidence was totally irrelevant, notwithstanding the prosecutor's meritless argument that the girlfriend's recent arrest tended to support a missing witness inference in that it somehow related to defendant's ability to locate her. This evidence had no purpose but to suggest that defendant was associated with a disreputable person (*see People v Cheatham*, 158 AD2d 934, 935 [1990]).

Additionally, during summation, the prosecutor engaged in a an impermissible, prejudicial pattern of conduct (*see e.g. People v Bowie*, 200 AD2d 511, 513 [1994], *lv denied* 83 NY2d 869 [1994]), including extensive use of defendant's prior record as evidence of criminal propensity, along with comments that defendant "knows he did it," and that he was waiting for the jury to "give him his razor back and let him walk out the door." Although none of defendant's challenges to the prosecutor's summation are preserved, we exercise our discretion to review them in the interest of justice.

The cumulative effect of the prosecutor's cross-examination and summation errors deprived defendant of a fair trial (*see People v Calabria*, 94 NY2d 519, 523 [2000]). This case turned on a question of credibility, in which defendant claimed that the incident was an altercation rather than a home invasion, and the evidence was not so overwhelming as to render the misconduct harmless.

In view of this determination, we do not reach any other issues. Concur—Gonzalez, P.J., Tom, Sweeny, Catterson and Abdus-Salaam, JJ.