# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

773

KA 10-00700

PRESENT: SMITH, J.P., CENTRA, FAHEY, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANTHONY D. MCCLARY, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (FRANK A. SEMINERIO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered January 11, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and as a matter of discretion in the interest of justice and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal sale of a controlled substance in the third degree (§ 220.39 [1]). We agree with defendant that reversal is required on the ground that County Court improperly removed a sworn juror who was not shown to be grossly unqualified to serve in the case (CPL 270.35 [1]; *see generally People v Buford*, 69 NY2d 290, 297-298). Here, a prosecution witness indicated that he had met the juror in question on two prior occasions, i.e., at a party at someone's home and at the apartment of the witness, when the juror was performing maintenance work there. The court questioned the juror with respect to the circumstances of those alleged meetings, but the juror could not recall having had any prior connection with the witness. The court nonetheless dismissed the juror, over defendant's objection, on the ground that the juror "may or may not know that [the juror] ha[s] had some kind of contact with one of the witnesses, and so [the juror was] not put in any kind of spot and we are not put in any kind of spot, we'll just excuse [him]." "[W]hile a trial court should lean toward disqualifying a prospective juror of dubious impartiality when [such prospective] juror is challenged for cause under CPL 270.20 (1) (b) . . ., the standard for disqualifying a sworn juror over defendant's objection

(i.e., grossly unqualified) is satisfied only when it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict" (*Buford*, 69 NY2d at 298 [internal quotation marks omitted]).  We are unable to conclude on this record that there was a basis for the court to have been "convinced" that the juror was grossly unqualified to serve in the case (*id.* at 299; *see* CPL 270.35 [1]; *People v Telehany*, 302 AD2d 927, 928).  Inasmuch as the erroneous dismissal of a sworn juror is not subject to harmless error analysis, reversal is required (*see People v Anderson*, 70 NY2d 729, 730-731).

Defendant further contends that reversal is also warranted based upon specified instances of prosecutorial misconduct.  We agree with defendant that the cumulative effect of those instances requires reversal.  As defendant correctly notes, the prosecutor improperly "elicited testimony from [detectives] who vouched for the credibility of the confidential informant by testifying that the confidential informant had provided reliable information to the police in the past" (*People v Fredrick*, 53 AD3d 1088, 1088; *see People v Slaughter*, 189 AD2d 157, 160, *lv denied* 81 NY2d 1080).  He also improperly elicited testimony regarding defendant's postarrest silence during the People's case-in-chief, in violation of defendant's right against self-incrimination, an error that he compounded by explicitly referencing defendant's postarrest silence during summation (*see generally People v Basora*, 75 NY2d 992, 993-994).  Finally, the prosecutor further engaged in misconduct by "forcing defendant on cross-examination to characterize [the] prosecution witnesses as liars" (*People v Holden*, 244 AD2d 961, 961, *lv denied* 91 NY2d 926; *see People v Edwards*, 167 AD2d 864, *lv denied* 77 NY2d 877).  Although defendant failed to preserve his contention for our review (*see* CPL 470.05 [2]), we exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *Fredrick*, 53 AD3d at 1088).  In light of our determination that reversal is required on two separate grounds, we need not address defendant's remaining contentions.