# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

996

KA 11-02286

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

AARON HICKS, DEFENDANT-APPELLANT.

---

LEIGH E. ANDERSON, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered November 3, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of marihuana in the second degree and operating a motor vehicle with excessively tinted windows.

It is hereby ORDERED that the judgment so appealed from is reversed on the law and a new trial is granted.

Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of marihuana in the second degree (Penal Law § 221.25) and operating a motor vehicle with excessively tinted windows (Vehicle and Traffic Law § 375 [12-a] [b] [2]), defendant contends that the evidence is legally insufficient to support the conviction of criminal possession of marihuana because the People failed to establish that he possessed the bags of marihuana at issue. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495). We agree with defendant, however, that he was denied a fair trial by prosecutorial misconduct.

We note at the outset that, as the People correctly conceded at oral argument, the prosecutor engaged in misconduct by asking defendant on cross-examination to characterize prosecution witnesses as liars (*see People v Washington*, 89 AD3d 1516, 1516-1517, *lv denied* 18 NY3d 963; *People v McClary*, 85 AD3d 1622, 1624) and, indeed, the record establishes that she repeatedly did so. Defense counsel eventually objected to that line of questioning, but Supreme Court overruled the objection and the improper questions continued. The prosecutor then exacerbated the harm arising from the prior misconduct by stating during her summation that the defense theory was that "the police are liars."

Unlike the dissent, we cannot conclude that defendant opened the

door to the prosecutor's conduct by clearly suggesting that the prosecution witnesses had fabricated their testimony (*cf. People v Head*, 90 AD3d 1157, 1158; *People v Buel*, 53 AD3d 930, 931-932).  At no time during his direct testimony did defendant suggest that the police officers fabricated their testimony and, when asked on cross-examination whether he believed that the police had a reason to frame him, defendant responded, "I don't know the reason, I don't know what's - - I don't know why I'm here today."  Although defendant's testimony with respect to several matters was at odds with the police officers' testimony, it does not necessarily follow that he was thereby suggesting that the police officers had fabricated their testimony.

We further conclude that the prosecutor also engaged in misconduct during her summation by stating that "there's been no evidence that there was any plea bargain available in this case."  The record demonstrates that a plea bargain had in fact been offered in writing to defendant by that same prosecutor, and that defendant rejected the offer.  Although the prosecutor was technically correct that no evidence of the plea offer had been admitted at trial, it may be readily inferred that the prosecutor intended to mislead the jury on this point and was successful in doing so.  We also agree with defendant that the prosecutor engaged in misconduct by asking defendant on cross-examination whether he knew about the criminal past of his companion (*see People v Cheatham*, 158 AD2d 934, 935; *People v Shivers*, 63 AD2d 708, 709).  Again, defense counsel's objection to that questioning was overruled.

We conclude that "the cumulative effect of the prosecutor's cross-examination and summation errors deprived defendant of a fair trial" (*People v Ortiz*, 69 AD3d 490, 491; *see People v Calabria*, 94 NY2d 519, 523).  We therefore reverse the judgment of conviction and grant a new trial, " 'without regard to any evaluation as to whether the errors contributed to the defendant's conviction.  The right to a fair trial is self-standing and proof of guilt, however overwhelming, can never be permitted to negate this right' " (*People v Fredrick*, 53 AD3d 1088, 1089, quoting *People v Crimmins*, 36 NY2d 230, 238).

All concur except SCUDDER, P.J., and SMITH, J., who dissent and vote to affirm in the following Memorandum:  We respectfully dissent.  While we agree with the majority that the prosecutor engaged in misconduct by questioning defendant about his companion's prior criminal history (*see People v Cheatham*, 158 AD2d 934, 935; *People v Shivers*, 63 AD2d 708, 709), we do not agree that the prosecutor engaged in misconduct by asking defendant whether prosecution witnesses were lying.  Indeed, we conclude that the People were incorrect in conceding at oral argument of this appeal that the prosecutor thereby engaged in misconduct.  Rather, "[i]nasmuch as defendant's testimony during both direct and cross-examination clearly suggested that the People's witnesses had fabricated their testimony, it was not improper for the prosecutor to ask him whether he believed that the People's witnesses had lied during their testimony" (*People v Head*, 90 AD3d 1157, 1158; *see People v Buel*, 53 AD3d 930, 931-932).  We also conclude that the prosecutor did not engage in misconduct by

stating, in response to defendant's summation, that there had been "no evidence that there was any plea bargain available in this case." As the majority acknowledges, that statement was "technically correct" and, because the jurors are required to make their determination based solely "on the evidence presented at . . . trial" (CJI2d[NY] Reasonable Doubt), we cannot conclude that the prosecutor's statement was improper.

Even assuming, arguendo, that the majority is correct that all of the prosecutor's challenged conduct was improper, we conclude that such conduct was not so pervasive or egregious as to deny defendant his right to a fair trial (*see generally People v Kims*, 96 AD3d 1595, 1598). Inasmuch as none of defendant's remaining contentions has merit, we would affirm.

Entered: November 9, 2012

Frances E. Cafarell
Clerk of the Court