Scudder, EJ., and Smith, J.
(dissenting). We respectfully dissent. While we agree with the majority that the prosecutor engaged in misconduct by questioning defendant about his companion’s prior criminal history (see People v Cheatham, 158 AD2d 934, 935 [1990]; People v Shivers, 63 AD2d 708, 709 [1978]), we do not agree that the prosecutor engaged in misconduct by asking defendant whether prosecution witnesses were lying. Indeed, we conclude that the Feople were incorrect in conceding at oral argument of this appeal that the prosecutor thereby engaged in misconduct. Rather, “[i]nasmuch as defendant’s testimony during both direct and cross-examination clearly suggested that the People’s witnesses had fabricated their *1381 testimony, it was not improper for the prosecutor to ask him whether he believed that the People’s witnesses had lied during their testimony” (People v Head, 90 AD3d 1157, 1158 [2011]; see People v Buel, 53 AD3d 930, 931-932 [2008]). We also conclude that the prosecutor did not engage in misconduct by stating, in response to defendant’s summation, that there had been “no evidence that there was any plea bargain available in this case.” As the majority acknowledges, that statement was “technically correct” and, because the jurors are required to make their determination based solely “on the evidence presented at . . . trial” (CJI2d[NY] Reasonable Doubt), we cannot conclude that the prosecutor’s statement was improper.
Even assuming, arguendo, that the majority is correct that all of the prosecutor’s challenged conduct was improper, we conclude that such conduct was not so pervasive or egregious as to deny defendant his right to a fair trial (see generally People v Kims, 96 AD3d 1595, 1598 [2012]). Inasmuch as none of defendant’s remaining contentions has merit, we would affirm. Present — Scudder, EJ., Smith, Centra, Lindley and Martoche, JJ.