■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBIN BAKER, Appellant. [999 NYS2d 595]—

Garry, J. Appeal from a judgment of the County Court of Franklin County (Hall Jr., J.), rendered December 7, 2012, upon a verdict convicting defendant of the crimes of criminal sexual act in the first degree and sexual abuse in the first degree.

Defendant was indicted on various charges arising out of several incidents between January and October 2004 in which she allegedly sexually abused two young victims. Some of the charges were dismissed before trial, and defendant was ultimately tried by a jury on one count each of criminal sexual act in the first degree and course of sexual conduct against a child in the first degree. During the trial, defendant moved to dismiss the charge of course of sexual conduct against a child on the ground that the evidence was legally insufficient, and County Court responded by amending that count of the indictment to charge sexual abuse in the first degree. The jury convicted defendant on the amended charge and the criminal sexual act in the first degree charge, and she was sentenced to an aggregate prison term of 12 years followed by 10 years of postrelease supervision. Defendant appeals.

Defendant first contends that count 3 of the indictment, charging her with criminal sexual act in the first degree, was rendered duplicitous by the victim's testimony. Although the claim is unpreserved, we feel compelled to exercise our interest of justice jurisdiction (*see People v Dunton*, 30 AD3d 828, 829 [2006], *lv denied* 7 NY3d 847 [2006]). The prohibition against duplicitousness is violated when trial or grand jury testimony describes multiple acts that cannot be directly related to particular counts in a facially valid indictment (*see People v Black*, 65 AD3d 811, 814 [2009], *lv denied* 13 NY3d 905 [2009]; *People v*

*Dalton*, 27 AD3d 779, 781 [2006], *lv denied* 7 NY3d 754 [2006]). As pertinent here, the crime of criminal sexual act in the first degree requires proof that the defendant engaged in oral sexual conduct with another person who is less than 11 years old, and oral sexual conduct includes "contact between . . . the mouth and the vulva or vagina" (Penal Law § 130.00 [2] [a]; *see* Penal Law § 130.50 [3]). The challenged count charged defendant with this crime based upon the victim's grand jury testimony that defendant had caused the victim to use her mouth to make contact with defendant's vaginal area on a single occasion in 2004. At trial, however, the victim testified that defendant caused her to engage in this conduct multiple times during the pertinent time period, and that she did not remember any specific time when it had happened. Confronted with this discrepancy during cross-examination, the victim explained that she had been nervous during her testimony on both occasions. It is wholly understandable that a young victim describing such traumatic events will be nervous. Unfortunately, the resulting testimony regarding multiple acts made it impossible to ascertain the particular act upon which the jury verdict was based. We are therefore required, despite the utterly heinous nature of the acts the victim described, to reverse defendant's conviction on this charge; further, the challenged count must be dismissed (*see People v Raymo*, 19 AD3d 727, 729 [2005], *lv denied* 5 NY3d 793 [2005]).

Defendant next contends that County Court should not have amended count 6 of the indictment alleging course of sexual conduct against a child in the first degree to charge sexual abuse in the first degree. While the People may seek to amend an indictment at any time during trial to correct "matters of form, time, place, names of persons and the like," such an amendment may not alter the theory of prosecution reflected in the evidence before the grand jury (CPL 200.70 [1]; *see* CPL 200.70 [2]; *People v Rowe*, 105 AD3d 1088, 1089 [2013], *lv denied* 21 NY3d 1019 [2013]). Further, a court may submit to a jury a lesser included offense of a crime charged in an indictment provided that the elements of the two crimes are such that "it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct [and] there [is] a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (*People v Hernandez*, 42 AD3d 657, 658 [2007] [internal quotation marks and citation omitted]).

As charged in the indictment, the crime of course of sexual conduct against a child in the first degree is committed when,

over a period of at least three months, a defendant "engages in two or more acts of sexual conduct, which include[ ] at least one act of sexual intercourse, oral sexual conduct, anal sexual conduct or aggravated sexual contact, with a child less than [11] years old" (Penal Law § 130.75 [1] [a]). Sexual conduct consists of "sexual intercourse, oral sexual conduct, anal sexual conduct, aggravated sexual contact, or sexual contact" (Penal Law § 130.00 [10]). Here, defense counsel moved during the trial to dismiss the charge on the ground that the People's evidence was legally insufficient to prove that two or more acts of sexual conduct had occurred. The People conceded that dismissal of the original charge was required on this ground, and County Court stated that the count was dismissed. However, the People later moved to amend count 6 of the indictment to charge sexual abuse in the first degree, which, as pertinent here, requires a showing that a defendant subjected a child less than 11 years old to sexual contact (*see* Penal Law § 130.65 [3]). County Court granted the motion after concluding that the sexual abuse charge was a lesser included offense of the original charge. Although there was a reasonable view of the evidence to support a finding that defendant committed sexual abuse in the first degree by subjecting a child less than 11 years old to a single act of sexual contact, we agree with defendant that the amendment was error, as this crime is not a lesser included offense of the charged crime of course of sexual conduct against a child in the first degree.

A crime is a lesser included offense of a charge of a higher degree only when in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the very same conduct, committing the lesser offense (*see People v Wheeler*, 67 NY2d 960, 962 [1986]; *see also* CPL 1.20 [37]). It is possible for a defendant to engage in an act of sexual conduct within the scope of the crime of course of sexual conduct against a child through an act of sexual contact, defined in pertinent part as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00 [3]). However, a defendant could also commit an act of sexual conduct within the scope of the originally-charged offense by an act of "sexual intercourse, oral sexual conduct, anal sexual conduct, [or] aggravated sexual contact" (Penal Law § 130.00 [10]). The definitions of these acts do not include any element of intent; thus, it is possible for a defendant to commit an act that constitutes sexual conduct without the purpose of gratifying anyone's sexual desire that is a required element of sexual contact (*see* Penal Law § 130.00 [1], [2] [a], [b]; [11];

*People v Wheeler*, 67 NY2d at 962; *see also People v Porter*, 82 AD3d 1412, 1412-1413 [2011], *lv denied* 16 NY3d 898 [2011]). Therefore, as it is possible to commit course of sexual conduct against a child in the first degree without also committing sexual abuse in the first degree by the same conduct, defendant's conviction on that charge must be reversed, and the amended indictment count must be dismissed (*see People v Wheeler*, 67 NY2d at 962; *People v Moyer*, 27 NY2d 252, 253-254 [1970]; *compare People v Beauharnois*, 64 AD3d 996, 1000-1001 [2009], *lv denied* 13 NY3d 834 [2009]).

Defendant's remaining contentions are rendered academic by this determination.

McCarthy, J.P., Lynch and Clark, JJ., concur. Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, counts 3 and 6 of the indictment dismissed, with leave to the People to re-present any appropriate charges to a new grand jury.