■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHALLAMAR L. HAYWARD-CRAWFORD, Appellant. [55 NYS3d 562]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered August 12, 2014. The judgment convicted defendant, upon a jury verdict, of arson in the third degree, arson in the fourth degree (two counts), attempted insurance fraud in the second degree, and conspiracy in the fifth degree.

It is hereby ordered that the judgment so appealed from is

unanimously reversed as a matter of discretion in the interest of justice and on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of arson in the third degree (Penal Law § 150.10 [1]), attempted insurance fraud in the second degree (§§ 110.00, 176.25), conspiracy in the fifth degree (§ 105.05 [1]), and two counts of arson in the fourth degree (§ 150.05 [1]), based on allegations that she conspired with others to set fire to her vacant rental property in order to collect insurance money. The fire destroyed defendant's property and caused damage to two neighboring properties. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).

We agree with defendant, however, that she was denied a fair trial based upon the cumulative effect of the prosecutor's misconduct during jury selection, cross-examination and summation. Although some of defendant's contentions were not preserved for our review, we exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

During jury selection, the prosecutor improperly inquired if defendant "look[ed] like an arsonist" because she was dressed in red-colored clothing. During cross-examination, the prosecutor improperly questioned defendant on her inability to make bail, thus indicating that defendant was incarcerated (see People v Fredrick, 53 AD3d 1088, 1089 [2008]), and improperly questioned defendant about the conviction of her codefendant husband of the same crime (see generally People v Rivera, 116 AD2d 371, 373-374 [1986]). The prosecutor also improperly questioned defendant concerning the criminal history of her husband (see People v Bartholomew, 105 AD3d 613, 614 [2013]). During summation, the prosecutor commented on the failure of defendant's husband to testify regarding her financial condition, again implying that her husband had been convicted of the same crime and was incarcerated (see generally Rivera, 116 AD2d at 373-374). Although County Court sustained many of defense counsel's objections and gave curative instructions, we cannot conclude on this record that any resulting prejudice was alleviated (see People v Griffin, 125 AD3d 1509, 1512 [2015]; People v Clark, 195 AD2d 988, 991 [1993]). Moreover, even when a trial court repeatedly sustains a defendant's objections and instructs the jury to disregard certain remarks by

the prosecutor, "[a]fter a certain point, . . . the cumulative effect of a prosecutor's improper comments . . . may overwhelm a defendant's right to a fair trial" (*People v Riback*, 13 NY3d 416, 423 [2009]), and that is the case here. We therefore "must reverse the conviction and grant a new trial, . . . without regard to any evaluation as to whether the errors contributed. to . . . defendant's conviction. The right to a fair trial is self-standing and proof of guilt, however overwhelming, can never be permitted to negate this right" (*People v Crimmins*, 36 NY2d 230, 238 [1975]).

In light of our determination, we do not address defendant's remaining contention. Present—Centra, J.P., Carni, Lindley, Curran and Troutman, JJ.