■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WENFORD TAYLOR, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated June 7, 1979, which granted defendant's motion to suppress certain physical evidence. Order reversed, on the law, and motion to suppress denied. At 6:20 A.M. on October 29, 1978, Police Officer Davide and his partner received a radio call advising them of possible auto stripping of a white Lincoln Continental in front of 114-48 155th Street in Queens County. Upon arriving at the scene, about 10 minutes later, Davide observed a white Lincoln parked in the driveway and a man in the front seat working underneath the dashboard, who, upon seeing the officers approach, "jumped" from the car and fled. Davide's partner chased the man, who was never caught. Officer Davide then spotted defendant parked in a blue Lincoln at the curb, and asked him for his license and registration, which defendant produced. As Davide was checking these documents, he spotted a vinyl bag on the front seat, sticking out of which was a dent puller, or "slapper", which could be used to remove the ignition switch from a vehicle so it can be started without a key. He also saw audio tapes, a car radio and chrome hubcaps in plain view. After determining that the white Lincoln (not the Lincoln in which defendant was found) was stolen and placing defendant under arrest, Davide found other burglar's tools in the vinyl bag. The police called the owner of the white Lincoln, whose name was on "identification" found inside the car. She identified the radio, tapes and hubcaps found with defendant as belonging with the white Lincoln and to her. On cross-examination, Davide admitted that he had not checked the plates of the blue Lincoln by radio to determine if the car was stolen before approaching defendant. He also stated that defendant was not doing anything suspicious at the time, and that the reason he checked defendant's license and registration was because he was the only other person around. The court granted defendant's motion to

suppress all of the physical evidence seized. Whether the incident is characterized as a car stop or a street encounter, Officer Davide's detention of defendant to have him produce his license and registration constituted a seizure for purposes of the Fourth and Fourteenth Amendments (see *People v Ingle,* 36 NY2d 413; *People v Brown,* 65 AD2d 579). As either a car stop or street encounter, it could only be considered reasonable if based on reasonable suspicion, grounded upon objective, articulable facts *(Delaware v Prouse,* 440 US 648, 663; *Brown v Texas,* 443 US 47, 51). In our opinion, the officer's suspicion was grounded upon objective articulable (though not well articulated at the suppression hearing) facts. The information given over the radio by the police department would not itself have been enough because the record does not show the source of the information sent *(People v Elwell,* 50 NY2d 231; *People v Benjamin,* 71 AD2d 857). We find, however, that the officer's actions were justified by his independent observations on the scene, which confirmed the information he received on the radio *(People v Benjamin, supra)* and supplied additional bases for a reasonable suspicion that there was a criminal enterprise engaged in the "stripping" of stolen Lincolns at the address, of which enterprise defendant was a part. The objective, articulable facts in this case were first, that the radioed information was instantly confirmed by the presence of the white Lincoln at the stated address; second, the suspicious flight of the man from the white Lincoln; and third, the location of defendant at the same address in the same make car, at an hour when few persons would be on the street, only 10 minutes after a report of criminal activity in the area. The size of an area (here, a single address), number of persons expected to be in the area and time elapsed between notification and arrival of police are all relevant to the issue of reasonable suspicion, since they determine the likelihood of the presence of innocent persons whose privacy could be unreasonably invaded (3 La Fave, Search and Seizure, A Treatise on the Fourth Amendment, § 9.3, subd [d]). Here, these factors added up to a reasonable suspicion that defendant was involved in unlawful activity. Since defendant's detention was lawful, the evidence found at that time should not have been suppressed. Titone, J. P., Mangano, Margett and Martuscello, JJ., concur.