■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO MCDONALD, Appellant. [728 NYS2d 746] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J), rendered April 28, 1997, convicting him of burglary in the third degree, criminal possession of stolen property in the fifth degree, petit larceny, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On April 13, 1996, at approximately 6:12 A.M., Police Officers Joseph Tripp and Roy Ehrichs arrived at a grocery store in Brooklyn. They were responding to a radio transmission of a burglary in progress by several individuals who were pretending to fix the engine of a red car in front of it. When the officers arrived, they saw the defendant and two other men by a red car with the hood up. They also saw that the store was closed, but that the lock on the cellar doors was broken, and the cellar doors were open. While the other two men ran, the defendant slammed down the hood of the car, got into it, and then drove away at a high rate of speed, almost hitting Officer Tripp. Officer Ehrichs gave chase in the patrol car. The pursuit ended abruptly when the defendant's car smashed into a retaining wall of the Long Island Rail Road. Cans and bottles of beer from the store, some broken or leaking and others intact, were found in and around the car.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress the physical evidence, i.e., the beer recovered from his car. It is readily apparent that the officers had reasonable suspicion to stop and question the men at the red car based upon the information contained in the radio transmission and

their own observations upon arrival at the scene (*see, People v Ellis,* 157 AD2d 797; *People v Foster,* 83 AD2d 282; *People v Taylor,* 76 AD2d 892). When the defendant fled from the scene, nearly striking Officer Tripp with his vehicle, the level of reasonable suspicion escalated to probable cause to arrest (*see, People v Voliton,* 83 NY2d 192; *People v Leung,* 68 NY2d 734; *People v Troche,* 185 AD2d 368; *People v Wallace,* 153 AD2d 59). Moreover, the mere fact that Officer Tripp initially approached the defendant and the car with his gun drawn did not render an otherwise lawful stop unlawful (*see, People v Mondello,* 191 AD2d 462; *People v Rosario,* 94 AD2d 329).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., S. Miller, Schmidt and Cozier, JJ., concur.