■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLYN MATIAS, Appellant. [730 NYS2d 426] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered November 25, 1998, convicting defendant, after a jury trial, of burglary in the second degree, criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree, and sentencing him to concurrent terms of 2¼ to 4½ years, 1 to 3 years and 1 year, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility, including the resolution of conflicting testimony, were properly considered by the trier of facts and there is no basis upon which to disturb its determinations (*see, People v Gaimari*, 176 NY 84, 94). The jury properly credited the officer's testimony, corroborated by photographs, that he was able to see defendant departing from the apartment in question. The statutory presumption contained in Penal Law § 220.25 (2) was properly submitted to the jury because defendant was observed leaving the apartment moments before the drugs were discovered in open view therein (*see, People v Santos*, 210 AD2d 129, *lv denied* 85 NY2d 942; *People v Maldonado*, 189 AD2d 737, *lv denied* 81 NY2d 1016). We conclude that the evidence established defendant's guilt under that theory. Contrary to defendant's assertion, the theory of constructive possession was also

submitted to the jury, and the evidence established defendant's guilt under that theory as well (*see, People v Manini*, 79 NY2d 561, 573). Concur—Nardelli, J. P., Williams, Tom, Andrias and Marlow, JJ.