■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY SINGH, Appellant. [739 NYS2d 156] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered July 27, 1998, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Robinson, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's motion to suppress several bricks of cocaine found by the police in two suitcases in an apartment from

which he attempted to flee was properly denied. While the anonymous telephone call received by the police concerning the drugs and their location in the apartment, standing alone, did not carry sufficient indicia of reliability to warrant intrusive police action (*see, Florida v J.L.,* 529 US 266; *People v Benjamin,* 51 NY2d 267), the unresponsive and peculiar answers that the defendant gave from behind the closed door of the apartment when the police knocked at the door, combined with his attempt to flee the apartment by going out the second floor window and jumping off the roof of a shed, constituted objective articulable facts which provided the police with reasonable suspicion that criminal activity was afoot (*see, People v Benjamin, supra; People v Wider,* 172 AD2d 573; *People v Taylor,* 76 AD2d 892). Therefore, the defendant's detention by a police officer, after the officer's observation of these articulable facts, was proper.

The defendant's remaining contentions are without merit. Florio, J.P., Goldstein, McGinity and H. Miller, JJ., concur.