■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORY JIMINEZ, Appellant. [738 NYS2d 344] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered May 31, 2000, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second degree, and sentencing him, as a second felony offender, to a term of six years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. The police testimony and physical evidence established that crack cocaine was being packaged for sale, in open view, in one of the bedrooms of the apartment in question. While defendant was not found in that bedroom, he was observed by the police walking around the end of the solid wall on the same side of the apartment, behind which was a hallway leading to that bedroom and two others, placing him in close proximity thereto. Thus, the drug factory presumption of Penal Law § 220.25 (2) was clearly applicable. The evidence warranted the conclusion that defendant was inside the apartment where the drugs were found in open view and was in close proximity thereto. Therefore, the drug factory presumption permitted the jury to conclude that defendant knowingly possessed those drugs (see, People v Daniels, 37 NY2d 624, 630-631; People v Matias, 286 AD2d 637; People v Santiago, 243 AD2d 328, lv denied 91 NY2d 879). We have considered and rejected defendant's remaining arguments. Concur—Williams, J.P., Mazzarelli, Andrias, Lerner and Marlow, JJ.