◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY LASSO-REINA, Appellant. [758 NYS2d 652] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered April 1, 1996, convicting defendant, after a jury trial, of conspiracy in the second degree, of criminal sale of a controlled substance in the first degree, and three counts of criminal possession of a controlled substance in the first degree, and sentencing him to an aggregate term of 40 years to life, and order, same court and Justice, entered on or about July 31, 2000,

which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). Exigent circumstances clearly justified a warrantless entry into defendant's house for the purpose of arresting him (see People v Glia, 226 AD2d 66, 72 [1996], appeal dismissed 91 NY2d 846 [1997]; People v Cruz, 149 AD2d 151, 160 [1989]). Upon defendant's lawful arrest, the police properly conducted a limited protective sweep of defendant's house to determine if there were any individuals present who might destroy evidence or pose a threat to the officers (see Maryland v Buie, 494 US 325 [1990]). The need for a security sweep of the house was not diminished by the fact that defendant was arrested in his backyard (see United States v Oguns, 921 F2d 442, 446-447 [1990]; United States v Agapito, 620 F2d 324 [1980], cert denied 449 US 834 [1980]). Among the many factors justifying entry into the house were that this drug conspiracy was known to have many participants, that the house had windows from which shots could be fired at the police who were in the backyard, and that defendant's stepdaughter told the police that someone was hiding in an upstairs closet. The police properly seized briefcases and a safe that were in plain view since their incriminating nature, under the circumstances of this case, was readily apparent to the officers (see Horton v California, 496 US 128, 136-137 [1990]). We have considered and rejected defendant's remaining suppression arguments.

The totality of the record establishes that defendant received meaningful representation (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). The actions of trial counsel that defendant challenges as deficient generally constituted reasonable strategic choices, given that the evidence of defendant's guilt was so overwhelming (cf. People v DeFreitas, 213 AD2d 96, 101 [1995], lv denied 86 NY2d 872 [1995]). Although counsel's strategy was unconventional, and ultimately unsuccessful, his performance did not deprive defendant of a fair trial (see People v Sullivan, 153 AD2d 223 [1990], lv denied 75 NY2d 925 [1990]).

Defendant's remaining claims, including those made pursuant to Brady v Maryland (373 US 83 [1963]) and Massiah v United States (377 US 201 [1964]) are based on his speculative and unsupported assertion that a codefendant who had been an informant in the past was cooperating with the prosecution

in this case, and are without merit. Concur—Saxe, J.P., Ellerin, Williams, Lerner and Marlow, JJ.