■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ANTONIO ALVAREZ, Appellant. [778 NYS2d 27]—

Judgment, Supreme Court, New York County (Edward J. Mc-
Laughlin, J., at suppression hearing; Bonnie Wittner, J., at jury
trial and sentence), rendered April 12, 2002, convicting defen-
dant of criminal possession of a controlled substance in the first
degree and assault in the second degree, and sentencing him to
concurrent terms of 15 years to life and 7 years, respectively,
unanimously affirmed.

The court properly denied defendant's suppression motion.
The police had reasonable suspicion justifying their gunpoint
detention and patdown search of defendant. To the extent that
the police relied on information from an anonymous source, this
information was properly corroborated by defendant's conduct,
which was strongly suggestive of criminality (see People v Singh,
291 AD2d 419 [2002], lv denied 98 NY2d 655 [2002]). The police
observed defendant, who met a radioed description involving a
shooting incident, entering a building. When the police ap-
proached the specific apartment mentioned in a second radio

transmission, they heard suspicious noises emanating from inside, and discovered defendant in the backyard area below that apartment's window, to which he had evidently jumped, injuring himself in the process, and from which he was attempting to flee by climbing a fence. Furthermore, the reliability of the anonymous information was enhanced by the fact that the caller accurately predicted that defendant would enter a particular apartment.

The trial court properly charged the jury in regard to the presumption relating to drugs in open view in a room (Penal Law § 220.25 [2]). Although defendant was not apprehended in the apartment in question, and the officers did not actually see him fleeing, the trial evidence, which was similar to the above-discussed suppression hearing evidence, clearly warranted the conclusion that defendant jumped out of the window as the police approached (*see People v Matias*, 286 AD2d 637 [2001], *lv denied* 97 NY2d 731 [2002]).

We have considered and rejected defendant's remaining arguments. Concur—Nardelli, J.P., Saxe, Sullivan, Marlow and Catterson, JJ.