THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAKESHIA M. EDWARDS, Appellant. [804 NYS2d 525]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered December 19, 2002. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the second degree, criminally using drug paraphernalia in the second degree, and unlawful possession of marihuana.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting her after a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), criminal possession of a weapon in the second degree (§ 265.03 [2]), criminally using drug paraphernalia in the second degree (§ 220.50 [2]), and unlawful possession of marihuana (§ 221.05). Contrary to defendant's contentions, the evidence is legally sufficient to support the conviction, and the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We agree with defendant, however, that the evidence presented was wholly circumstantial, and County Court's error in refusing to give a circumstantial evidence charge cannot be deemed harmless because the evidence of guilt is not overwhelming (*see People v Rogers*, 16 AD3d 1101 [2005]; *People v Spencer*, 1 AD3d 709, 711 [2003]; *cf. People v Brian*, 84 NY2d 887, 889 [1994]). We note that the People concede that a circumstantial evidence charge was required, but they contend that defendant failed to preserve his contention for our review with respect to count three and therefore do not concede the court's error with respect to that count. We conclude, however, that defendant requested the charge with respect to all counts of the indictment and thus that her contention is preserved for our review with respect to count three.

We also agree with defendant that the court erred in charging the jury with respect to the presumption contained in Penal Law § 220.25 (2), i.e., that the presence of a controlled substance "in open view in a room, other than a public place," is presumptive evidence of knowing possession thereof by any person in "close proximity to such controlled substance at the time such controlled substance was found." Here, the police executed a search warrant in an upstairs apartment where defendant was found. After using a battering ram to access the locked door from the porch to the stairway leading to the apartment, the police observed a baggie containing a white rock-like substance on the first step of the stairway. The substance was later confirmed to contain cocaine. The police entered the apartment through an open door at the top of the stairway and found defendant and three children in the rear of the apartment. Police recovered, among other things, packaging supplies commonly used for drugs in the apartment. We nevertheless conclude that, on these facts, the controlled substance was not "in open view in a room" and that, in any event, defendant was not in "close proximity to such controlled substance at the time such controlled substance was found" (*id.*). We conclude that the error

in charging the presumption cannot be considered harmless inasmuch as there is no way to discern whether the jury's verdict "was predicated on the illegally charged presumption or on a finding of constructive possession irrespective of the presumption" (*People v Martinez*, 83 NY2d 26, 35 [1993], *cert denied* 511 US 1137 [1994]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Thus, we reverse the judgment and grant a new trial. Present—Green, J.P., Scudder, Kehoe, Martoche and Hayes, JJ.