Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered March 28, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, criminal possession of marihuana in the second degree and criminally using drug paraphernalia in the second degree (two counts).
It is hereby ordered that the judgment so appealed from is modified on the law by reversing those parts convicting defendant of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree and as modified the judgment is affirmed, and a new trial is granted on counts one and two of the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We agree with defendant that County Court erred in charging the jury with respect to the presumption contained in Penal Law § 220.25 (2). That presumption, known as the “room presumption,” provides that the presence of, inter alia, a “narcotic drug ... in open view in a room,” under circumstances evincing an intent to sell the drug, “is presumptive evidence of knowing possession thereof by each and every person in close proximity to such controlled substance at the time such controlled substance was found” (id. [emphasis added]). Thus, “[w]hen narcotics are found in open view in a room on private premises, every person ‘in close proximity’ to the drugs at the time of discovery is presumed by statute to *1596 have knowingly possessed them” (People v Daniels, 37 NY2d 624, 630-631 [1975]; see People v Coleman, 26 AD3d 773, 775 [2006], lv denied 7 NY3d 754 [2006]).
Our inquiry with respect to Penal Law § 220.25 (2) on this appeal turns on the interpretation of the “close proximity” language of the statute. “Penal statutes ‘must be construed according to the fair import of their terms to promote justice and effect the objects of the law’ ” (People v Fraser, 264 AD2d 105, 110 [2000], affd 96 NY2d 318 [2001], cert denied 533 US 951 [2001], quoting § 5.00; see People v Miller, 70 NY2d 903, 906 [1987]), and it is fundamental that in interpreting a statute we should attempt to effectuate the intent of the Legislature (see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]). The “room presumption” was added to the Penal Law in 1971 (see L 1971, ch 1044) and, according to its drafters, was intended to address situations in which the police execute a search warrant at a suspected “ ‘drug factory’ ” only to find drugs and drug paraphernalia scattered about the room. “The occupants of such ‘factories,’ who moments before were diluting or packaging the drugs, usually proclaimed] their innocence and disclaim[ed] ownership of, or any connection with, the materials spread before them,” thus often leaving the police “uncertain as to whom to arrest” (Mem of St Commn of Investigation, Bill Jacket, L 1971, ch 1044, at 4). Moreover, a letter from the chairperson of the State Commission of Investigation, which drafted this statutory provision, further explains that the phrase “in close proximity” was included “to remedy a fairly common situation wherein police execute a search warrant on premises suspected of being a ‘drug factory’ and find narcotics in open view in the room,” and that “[i]t is also intended to include persons who might, upon the sudden appearance of the police, hide in closets, bathrooms or other convenient recesses” (Letter from St Commn of Investigation, Dec. 1, 1971, Bill Jacket, L 1971, ch 1044, at 6-7).
Here, unlike the scenario envisioned by the Legislature, defendant walked out the “front” of his apartment, entered his nearby vehicle and was apprehended almost immediately by parole officers who were investigating whether he resided at that location. Several minutes later, parole officers and police detectives entered defendant’s apartment to conduct a warrantless protective search. The officers found another person present in the apartment and discovered a significant amount of cocaine in the rear area of the apartment, and that cocaine was seized in a subsequent search conducted pursuant to a search warrant.
Consequently, based on the facts of this case, we conclude *1597 that “defendant was not in ‘close proximity to such controlled substance at the time such controlled substance was found’ ” (People v Edwards, 23 AD3d 1140, 1141 [2005], quoting Penal Law § 220.25 [2]). We further conclude that the court’s error in charging the presumption cannot be considered harmless inasmuch as there is no way to discern whether the jury’s verdict convicting defendant of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree, i.e., the only counts with respect to which the presumption was charged, “ ‘was predicated on the illegally charged presumption or on a finding of constructive possession irrespective of the presumption’ ” (id. at 1142, quoting People v Martinez, 83 NY2d 26, 35 [1993], cert denied 511 US 1137 [1994]). We therefore modify the judgment by reversing those parts convicting defendant of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree, and we grant a new trial on those counts of the indictment (see People v Rodriguez, 104 AD2d 832, 834 [1984]).
We respectfully disagree with our dissenting colleague that we should apply the reasoning of the First Department in People v Alvarez (8 AD3d 58, 59 [2004], lv denied 3 NY3d 670 [2004]) to the facts of this case. In Alvarez, the First Department concluded that the trial court properly charged the jury with respect to the room presumption where the defendant was not apprehended in the apartment in question and the police did not see him fleeing therefrom. The trial evidence in Alvarez, however, “clearly warranted” the conclusion that the defendant jumped out of the window of the apartment in which the drugs were found, inasmuch as the defendant was discovered injured in the backyard area below the window, and was attempting to flee by climbing a fence (id.).
Put differently, the defendant in Alvarez, who appears to have been the only occupant of the apartment in which the drugs were located, was found in flight and physically close to a makeshift exit from that apartment. Here, in contrast to the facts in Alvarez, defendant was not in flight from the police; he was apprehended in the driveway outside the apartment several minutes after leaving the apartment in which the drugs were found; and the apartment was occupied by another person. Given the distance in time and space present here but absent from Alvarez, we respectfully disagree with our dissenting colleague that Alvarez applies here.
We now turn to defendant’s remaining contentions. Contrary to defendant’s contention, the court’s pretrial Molineux ruling *1598 does not constitute an abuse of discretion. The evidence of defendant’s prior drug sales and association with drug dealers was probative of “legally relevant and material issue [s] before the [jury]” (People v Alvino, 71 NY2d 233, 242 [1987]; see People v Satiro, 72 NY2d 821, 822 [1988]; People v Ray, 63 AD3d 1705, 1706 [2009], lv denied 13 NY3d 838 [2009]; Prince, Richardson on Evidence § 4-510 [Farrell 11th ed]). In addition, “ ‘[t]he limited probative force of . . . evidence [with respect to defendant’s escape from custody] is no reason for its exclusion’ ” (People v Roman, 60 AD3d 1416, 1418 [2009], lv denied 12 NY3d 928 [2009], quoting People v Yazum, 13 NY2d 302, 304 [1963], rearg denied 15 NY2d 679 [1965]) and, here, the court gave a jury instruction that conveyed the “weakness [of that evidence] as an indication of guilt of the crime[s] charged” (Yazum, 13 NY2d at 304). In any event, any error with respect to the Molineux ruling is harmless (see People v Baker, 21 AD3d 1435, 1436 [2005], lv denied 6 NY3d 773 [2006]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]). We further conclude that “ ‘any alleged [prosecutorial] misconduct was not so pervasive or egregious as to deprive defendant of a fair trial’ ” (People v Szyzskowski, 89 AD3d 1501, 1503 [2011]; see People v Pruchnicki, 74 AD3d 1820, 1822 [2010], lv denied 15 NY3d 855 [2010]). Contrary to defendant’s contention, the court properly refused to suppress evidence seized from his apartment subsequent to a warrantless protective search (see People v Lasso-Reina, 305 AD2d 121, 122 [2003], lv denied 100 NY2d 595 [2003]; see generally People v Bost, 264 AD2d 425, 426 [1999]).
Defendant contends in his pro se supplemental brief that the evidence seized from his vehicle and apartment should be suppressed because the parole officers who stopped him in his vehicle acted as conduits for, or agents of, the police. Defendant sets forth a similar contention with respect to the evidence seized from his apartment in his main brief. Even assuming, arguendo, that defendant initially preserved those contentions for our review (see generally People v Mendoza, 82 NY2d 415, 428 [1993]), we conclude that he thereafter abandoned them (see People v Adams, 90 AD3d 1508, 1509 [2011], lv denied 18 NY3d 954 [2012]; People v Anderson, 52 AD3d 1320, 1320-1321 [2008], lv denied 11 NY3d 733 [2008]). Defendant’s further contention in his pro se supplemental brief that he was denied his right of confrontation with respect to the testimony of a police detective is unpreserved for our review (see People v Davis, 87 AD3d 1332, 1334-1335 [2011], lv denied 18 NY3d 858 [2011], reconsideration denied 18 NY3d 956 [2012]). In any event, that contention lacks merit. The detective testified that he learned from a *1599 confidential informant that defendant’s residence might be used as a “stash house,” i.e., a place to keep drugs and money and to package drugs for sale. We conclude that such testimony was properly admitted in evidence for the purpose of explaining the actions of the police and the sequence of events leading to defendant’s arrest (see People v Davis, 23 AD3d 833, 835 [2005], lv denied 6 NY3d 811 [2006]; see also People v Tosca, 98 NY2d 660, 661 [2002]). Finally, we conclude that the court properly admitted in evidence the drugs at issue despite the alleged gaps in the chain of custody with respect thereto. “The police provided sufficient assurances of the identity and unchanged condition of the evidence . . . , and thus any alleged gaps in the chain of custody went to the weight of the evidence, not its admissibility” (People v Kennedy, 78 AD3d 1477, 1478 [2010], lv denied 16 NY3d 798 [2011]; see People v Hawkins, 11 NY3d 484, 494 [2008]).
All concur except Scudder, EJ., who dissents in part and votes to affirm in the following memorandum.