Scudder, P.J.
(dissenting in part). I respectfully dissent in part. I disagree with the majority that County Court erred in charging the jury with respect to the presumption set forth in Penal Law § 220.25 (2), and I would therefore affirm the judgment in its entirety.
The record establishes that cocaine and drug packaging paraphernalia were located in plain view in the kitchen of the apartment rented by defendant. The kitchen was in the rear of the apartment, and the police discovered the contraband approximately five minutes after parole officers observed defendant and another person exit the front door of the apartment, which was located in the living room. Defendant’s companion admitted that he had purchased drugs from defendant immediately before the two left the apartment together. A third person was in the apartment with defendant and his companion, and that person, i.e., “Chino,” appeared to be asleep on the couch in the living room when the police entered the apartment. While he was detained by police in the driveway, defendant yelled to bystanders, “call Chino, call Chino.” The record also establishes that the address of defendant’s approved residence for parole purposes was different from the address where the subject contraband was located, and that there were no beds in the two-bedroom apartment where the contraband was located. In my view, these facts support a determination that the apartment defendant rented was used as a “drug factory operation” (People v Martinez, 83 NY2d 26, 29 [1993], cert denied 511 US 1137 [1994]), and thus that the court properly instructed *1600 the jury that it was permitted to consider whether defendant was in knowing possession of the cocaine at the time it was found.
The court charged the jury that “the presence of a narcotic drug ... in open view in a room under circumstances evincing an intent ... to prepare that substance for sale is presumptive evidence of knowing possession of that substance by each and every person in close proximity to it at the time the substance was found . . . The People must prove beyond a reasonable doubt that the cocaine was in open view in a room and that the circumstances were such as to evince an intent ... to prepare the cocaine for sale[. If you so find], then you may, but you are not required to, infer from that fact that each and every person in close proximity to the cocaine at the time it was found was in knowing possession of it” (emphasis added).
In People v Alvarez (8 AD3d 58, 59 [2004], lv denied 3 NY3d 670 [2004]), the First Department concluded that the trial court properly charged the jury on the presumption contained in Penal Law § 220.25 (2) where the defendant was found outside of the apartment in which the drugs were located and the police deduced that he had jumped out of a window. In my view, we should apply the reasoning of the Alvarez Court to this case. The cocaine was “in open view in a room . . . under circumstances evincing an intent to unlawfully . . . package or otherwise prepare [it] for sale” (§ 220.25 [2]; cf. Martinez, 83 NY2d at 34 n 3). Further, approximately five minutes before the cocaine was found by the police, defendant was observed leaving the apartment that he rented but may not have used as his residence, and he was in the company of a person who admitted that he had purchased cocaine from defendant. Thus, the court properly determined that the jury could find that defendant was in close proximity to the cocaine when he was apprehended in his car in the driveway (see Alvarez, 8 AD3d at 59).
The majority’s reliance on People v Edwards (23 AD3d 1140, 1141 [2005]) is misplaced. In Edwards, the bag of cocaine was not found in a room of the subject apartment but instead was found on the bottom step of a stairway leading to the apartment, and defendant was found in the rear of the apartment. We concluded that “the controlled substance was not ‘in open view in a room’ and that, in any event, defendant was not in ‘close proximity to such controlled substance at the time such controlled substance was found’ ” (id. at 1141). If defendant herein had not been observed leaving the apartment less than five minutes before the cocaine was found, I would agree with the majority that Edwards is analogous. However, in my view, *1601 the facts presented here support the determination that defendant was in close proximity to the controlled substance at the time it was found and thus that the court properly instructed the jury that it was entitled to infer that defendant was in knowing possession of the cocaine. Present — Scudder, P.J., Centra, Fahey, Peradotto and Sconiers, JJ.