# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

900

KA 11-00860

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DEJUAN LONG, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered August 12, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [3]). Defendant contends that the People failed to establish that he possessed the weapon, i.e., a handgun, that was seized by the police during a search of his mother's apartment (apartment) and thus that the evidence is legally insufficient to support the conviction. We reject that contention. The legal sufficiency of the evidence supporting defendant's conviction "must be viewed in light of [Supreme C]ourt's charge as given without exception" (*People v Ford*, 11 NY3d 875, 878). Here, the court charged the jury that to "[p]ossess means to have physical possession or otherwise to exercise dominion or control over tangible property" (*see* Penal Law § 10.00 [8]; CJI2d[NY] Physical and Constructive Possession). The People presented evidence that, when the officers executed the warrant to search the apartment, only defendant and his mother were present. The mother was in one bedroom, and the weapon was found in the pocket of a man's jacket in another bedroom, which defendant ran toward when the police entered the apartment. That evidence is sufficient to allow a jury to infer that defendant had dominion and control over the place where the handgun was found (*see People v Shoga*, 89 AD3d 1225, 1227, *lv denied* 18 NY3d 886; *see also People v Edwards*, 39 AD3d 1078, 1079-1080). In

addition, "[t]he People . . . presented evidence that DNA samples taken from the handgun were consistent with defendant's DNA, from which an inference could be made that defendant had physically possessed the gun at some point in time" (*People v Robinson*, 72 AD3d 1277, 1278, *lv denied* 15 NY3d 809).  Thus, the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to establish that defendant possessed the handgun.  Further, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict finding that defendant possessed the handgun is not against the weight of the evidence (*see Robinson*, 72 AD3d at 1278).

Defendant failed to preserve for our review his contention that the court erred in failing to define "dominion" and "control" in that part of its jury charge relating to the weapon possession counts inasmuch as he did not request that the court define those terms or object to the charge as given (*see People v Perez*, 89 AD3d 1393, 1394, *lv denied* 18 NY3d 961; *People v Smith*, 32 AD3d 1318, 1319, *lv denied* 7 NY3d 929; *People v Pross*, 302 AD2d 895, 897, *lv denied* 99 NY2d 657).  We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

As defendant correctly contends, his Sixth Amendment right of confrontation was violated when the prosecutor referred to an unidentified confidential informant in her opening statement and elicited testimony concerning the informant during the People's case.  We agree with the People, however, that any error resulting in the violation of defendant's right of confrontation is harmless beyond a reasonable doubt inasmuch as "there is no reasonable possibility that the error affected the jury's verdict" (*People v Porco*, 17 NY3d 877, 878, *cert denied* ___ US ___, 132 S Ct 1860; *see People v Morrison*, 90 AD3d 1554, 1557; *see generally People v Crimmins*, 36 NY2d 230, 237).

Contrary to defendant's further contention, in deciding defendant's suppression motion the court properly denied discovery of the identity of the confidential informant and the warrant application papers without holding a *Darden* hearing (*see People v Serrano*, 93 NY2d 73, 76-77).  A *Darden* hearing is not always required "when a defendant has been denied discovery of the identity of the informant and of the warrant application papers" (*id.*).  Rather, a *Darden* hearing "is required 'where there is insufficient evidence to establish probable cause apart from the testimony of the arresting officer as to communications received from an informer' " (*id.* at 77).  Indeed, it is well settled that, "where the suppression court has before it the warrant papers and the transcript of the informant's testimony before the issuing Judge, '[t]he court [is] left with the relatively uncomplicated task of deciding whether, based on [the warrant papers and testimony] . . . , the issuing Judge reasonably could have concluded that probable cause existed' " (*id.* at 76, quoting *People v Castillo*, 80 NY2d 578, 585).  Here, in making the determination that probable cause existed for the issuance of the warrant authorizing the police to search the apartment, the court had before it the warrant application and the "in-camera testimony or notes" of the issuing

court, and thus a *Darden* hearing was not required.

We also reject defendant's contention that the search warrant was not supported by probable cause.  The court properly concluded that "[t]he warrant was valid as it was based on firsthand information from the officer who conducted the monitored, controlled drug buy [at the apartment] with a confidential informant, thereby establishing the informant's reliability" (*People v Lamont*, 21 AD3d 1129, 1130-1131, *lv denied* 6 NY3d 835; *see People v Morton*, 288 AD2d 557, 558, *lv denied* 97 NY2d 758, *cert denied* 537 US 860), and the court "properly relied upon the ability of [the issuing court] to assess the credibility of the confidential informant" (*People v Demus*, 82 AD3d 1667, 1667, *lv denied* 17 NY3d 815; *see People v Park*, 266 AD2d 913, 913).  Finally, defendant's contention that the information on which the warrant was based was stale is unpreserved for our review (*see* CPL 470.05 [2]) and, in any event, that contention lacks merit (*see People v Ming*, 35 AD3d 962, 964, *lv denied* 8 NY3d 883).

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court