(March 27, 2013)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL D. McCULLOUGH, Appellant. [961 NYS2d 720]—

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered November 21, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fourth degree and unlawful possession of marihuana.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]) and unlawful possession of marihuana (§ 221.05). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson,* 9 NY3d 342, 349 [2007]), we reject defendant's contention in his main brief that the verdict is against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). Contrary to defendant's additional contention in his pro se supplemental brief, the evidence is legally sufficient to support the conviction (*see generally id.*). "When narcotics are found in open view in a room on private premises, every person 'in close proximity' to the drugs at the time of discovery is presumed by statute to have know-

ingly possessed them" (*People v Daniels*, 37 NY2d 624, 630-631 [1975]; *see* § 220.25 [2]; *People v Kims*, 96 AD3d 1595, 1595-1596 [2012]). Here, the police entered defendant's apartment and found defendant standing next to a table containing 49 bags of cocaine in plain view. The table also contained packaging materials and a scale, which indicated an intent to "package or otherwise prepare for sale such controlled substance" (§ 220.25 [2]) and, after he was handcuffed, defendant stated, "[E]verything in here is mine. It's all mine." The police then recovered a bag of marihuana and a bag of cocaine from his pockets. Although a visitor to the apartment who was in the shower when law enforcement arrived testified that all of the cocaine in the apartment belonged to him and not to defendant, the People established that the drugs were being packaged in defendant's apartment and that the visitor had left the drugs in open view, under defendant's control, while he was in the shower.

Defendant further contends in his main brief that County Court erred in denying his motion to suppress his statements to the police. We reject that contention. Defendant's statements, i.e., "[E]verything in here is mine. It's all mine," were "spontaneous and not the product of interrogation" (*People v Youngblood*, 294 AD2d 954, 954 [2002], *lv denied* 98 NY2d 704 [2002]; *see People v Cobado*, 16 AD3d 1114, 1114 [2005], *lv denied* 4 NY3d 885 [2005]). Defendant failed to preserve for our review his contention in his pro se supplemental brief that the court erred in failing to hold a *Darden* hearing (*see* CPL 470.05 [2]). In any event, "in making the determination that probable cause existed for the issuance of the warrant authorizing the police to search the apartment, the court had before it the warrant application and the 'in-camera testimony or notes' of the issuing court, and thus a *Darden* hearing was not required" (*People v Long*, 100 AD3d 1343, 1345-1346 [2012]). Defendant's contention in his pro se supplemental brief that he was denied his right of confrontation is likewise unpreserved for our review and without merit (*see Kims*, 96 AD3d at 1598-1599).

We reject the further contention of defendant in his pro se supplemental brief that he was denied effective assistance of counsel. Contrary to defendant's contention, defense counsel challenged the sufficiency of the search warrant and, as noted above, there was no need for a *Darden* hearing (*see Long*, 100 AD3d at 1345-1346). "[T]he evidence, the law and the circumstances of [this] case, viewed together and as of the time of representation, reveal that meaningful representation was provided" (*People v Satterfield*, 66 NY2d 796, 798-799 [1985]).

Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Peradotto, Carni, Lindley and Whalen, JJ.