Judgment, Supreme Court, New York County (Richard D. Carruthers, J., at Darden hearing; Cassandra M. Mullen, J., at jury trial and sentencing), rendered May 16, 2011, convicting defendant of criminal possession of a controlled substance in the third degree, criminally using drug paraphernalia in the second degree (two counts) and criminal possession of a weapon in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to an aggregate term of seven years, unanimously affirmed.
The court properly refused to submit criminal possession of a controlled substance in the seventh degree as a lesser included offense of criminal possession of a controlled substance in the third degree, as there was no reasonable view of the evidence, viewed most favorably to defendant, that he possessed drugs without intent to sell them (see People v Negron, 91 NY2d 788, 792 [1998]). The entire apartment, including the room where *525 defendant was found, contained drug paraphernalia indicating that the drugs were being packaged for sale (see People v Abreu, 76 AD3d 903 [1st Dept 2010], lv denied 15 NY3d 918 [2010]). Defendant argues that there was a reasonable view that he was a mere visitor or house guest. However, under the facts presented, if the People failed to prove that defendant was part of the drug-selling operation, he would have been entitled to a complete acquittal instead of a finding that he possessed drugs without intent to sell (see id.). Defendant’s theory that he possessed some drugs for his personal use while in the apartment is speculative and unsupported by the evidence. In any event, defendant was not prejudiced because the jury’s verdict convicting defendant of the drug paraphernalia counts indicated that it rejected the factual theory under which defendant sought submission of the seventh-degree possession charge (see People v Lozano, 282 AD2d 242 [1st Dept 2001], lv denied 96 NY2d 864 [2001]).
The court properly refused to give a circumstantial evidence charge with respect to the third-degree possession of a controlled substance count, which was based on cocaine found in an open drawer in the room where the codefendant was arrested, and one of the paraphernalia counts, which was based on a digital scale found in a closed box in the room where defendant was arrested and a second scale on top of the dresser in the codefendant’s room. The testimony established that both bedroom doors were open and that these items were in plain view in sufficiently close proximity to defendant so that no additional inference was required to conclude that defendant exercised dominion and control over these items (see e.g. People v Perez, 259 AD2d 274 [1st Dept 1999], lv denied 93 NY2d 976 [1999]; see also Penal Law § 220.25 [2]; People v Jiminez, 292 AD2d 196 [1st Dept 2002], lv denied 98 NY2d 698 [2002]). As both counts were based at least in part on direct evidence, no circumstantial evidence charge was warranted. In any event, the absence of such a charge could not have affected the verdict, and any error in this regard was harmless (see People v Brian, 84 NY2d 887, 889 [1994]).
Defendant’s ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not fully explained by the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Further inquiry is needed into whether defense counsel had any strategic reasons for not objecting to portions of the prosecutor’s direct examination of a police officer and cross-examination of a defense witness. We reject defendant’s argument that counsel’s *526 omissions could not have had any reasonable strategic justifications. To the extent that the record permits review, it establishes that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that either or both of counsel’s alleged errors fell below an objective standard of reasonableness or that there is a reasonable probability that one or both alleged errors affected the outcome.
An in camera review of the minutes of the Darden hearing (People v Darden, 34 NY2d 177 [1974]) reveals that the hearing procedures adequately safeguarded the defendant’s rights, that the confidential informant existed, and that the information he or she provided to the police was based on the informant’s personal observations and sufficed to provide probable cause for the issuance of the search warrant. There is no basis for disclosure of the minutes. Concur — Acosta, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.