People v Liriano (2024 NY Slip Op 02023)

People v Liriano

2024 NY Slip Op 02023

Decided on April 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 16, 2024

Before: Moulton, J.P., Gesmer, González, Rodriguez, Michael, JJ. 

Ind. No. 1373/20 Appeal No. 2061 Case No. 2022-05697 

[*1]The People of the State of New York, Respondent,
v
Julin Liriano, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Caroline S. Williamson of counsel), for respondent.

Judgment, Supreme Court, New York County (Felicia A. Mennin, J., at motion and plea; Neil E. Ross, J., at sentencing), rendered December 6, 2022, as amended January 30, 2023, convicting defendant of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree, and menacing in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of eight years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal. The court's oral colloquy, which sufficiently distinguished the right to appeal from the trial rights automatically forfeited by a guilty plea, taken together with the detailed written waiver that fully explained the appellate rights defendant was giving up, established that the waiver was knowing, intelligent, and voluntary (see People v Thomas, 34 NY3d 545, 559-560 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]). The waiver forecloses review of defendant's suppression, Second Amendment, and excessive sentence claims (see People v Johnson, __ AD3d __, 2024 NY Slip Op 01275 [1st Dept 2024]; People v Grullon, 27 AD3d 277 [1st Dept 2006]).
Even if the appeal waiver were invalid, defendant did not preserve his arguments that the police improperly conducted a security sweep of his house after his arrest (see Maryland v Buie, 494 US 325 [1990]; People v Lasso-Reina, 305 AD2d 121, 122 [1st Dept 2003], lv denied 100 NY2d 595 [2003]) and that the subsequent search of the house was illegal because the search warrant was based on information discovered during the unlawful initial entry. The suppression court did not "expressly decide[]" the particular issues now raised on appeal (CPL 470.05[2]; see People v Turriago, 90 NY2d 77, 83-84 [1997]). We decline to address the unpreserved claims in the interest of justice. Furthermore, the record is insufficient to permit review of the claims.
Defendant's Second Amendment challenge to his weapon possession conviction is also unpreserved (see People v Cabrera, 41 NY3d 35, 42-49 [2023]), and we decline to consider it in the interest of justice. As an alternative holding, we find that on the present record defendant lacked standing to challenge New York's gun licensing scheme because there is no indication that he applied for a gun license (see United States v Decastro, 682 F3d 160, 164 [2d Cir 2012], cert denied 568 US 1092 [2013]). Moreover, defendant has failed to establish that his conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2002])(see People v Cherif, 220 AD3d 543 [1st Dept 2023], lv denied 40 NY3d 1079 [2023]; People v DeLarosa, 219 AD3d 1230 [1st Dept 2023], lv denied 40 NY3d 1080 [2023]; People v Adames, 216 AD3d 519, 520 [1st Dept 2023], lv denied 40 NY3d 949 [2023]).
Defendant's contention that his counsel rendered ineffective assistance by failing to preserve his Second Amendment claim is unreviewable on direct appeal because it [*2]involves matters not reflected in the record and, thus, must be raised in a CPL 440.10 motion (see People v Holder, 224 AD3d 513 [1st Dept 2024]; see also People v Maffei, 35 NY3d 264, 269-270 [2020]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 16, 2024